

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1206-10

### THE STATE OF TEXAS

#### v.

### PAUL DAVID ROBINSON, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## FREESTONE COUNTY

KELLER, P.J., delivered the opinion of the Court in which WOMACK, KEASLER, HERVEY and COCHRAN, JJ., joined. COCHRAN, J., filed a concurring opinion in which HERVEY, J., joined. MEYERS, J., filed a dissenting opinion. PRICE, J., filed a dissenting opinion. JOHNSON, J., concurred.

The issue in this case is the allocation of the burden of proof in a motion to suppress under Texas Code of Criminal Procedure Article 38.23. We hold that the defendant has the initial burden, which shifts to the State only when the defendant has produced evidence of a statutory violation. We shall reverse the judgment of the court of appeals.

### Background

Paul Robinson was arrested without a warrant for driving while intoxicated. He was

transported to a hospital, where he consented to have his blood drawn. Analysis showed his blood alcohol concentration to be 0.14%. Robinson filed a motion to suppress the results, claiming that his blood was drawn without a warrant and without consent, and that it was not drawn by a qualified person.[1] Thus, he claimed, it should have been suppressed under both the Fourth Amendment[2] and Article 38.23.[3]

The trial court held a hearing on the motion, beginning by telling appellee that since it was his motion, he should proceed. The State interrupted, agreeing to stipulate that the arrest was without a warrant, and that because of the stipulation, the State should go first. Appellee and the trial court both agreed. The State then called the only witness, Deputy Vercher.[4] Vercher testified to the circumstances of the arrest, but did not remember the name of, nor could he describe, the person who drew appellee's blood, at times simply calling the person a nurse, at other times stating that he did not know who drew the sample. Based on Vercher's testimony, the trial court suppressed the blood evidence, but not on Fourth Amendment grounds. Instead, the trial court suppressed the blood evidence based on the fact that "the State has not met the burden to prove that it was [a qualified person] that took it."

The 10th Court of Appeals affirmed the trial court's order. Chief Justice Gray dissented,

---

[1] TEXAS TRANS. CODE § 724.017 (a). "Only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen at the request or order of a peace officer under this chapter."

[2] U.S. CONST. amend. IV.

[3] TEXAS CODE CRIM. PROC. article 38.23.

[4] The Deputy's name is spelled either Vercher or Burcher in different locations in the record. We will use Vercher for convenience.

arguing that the court erroneously placed the burden of proof on the State to prove statutory compliance.[5]  The State now presents this Court with the following question:

> At a hearing on a motion to suppress blood evidence, once the defendant established that he was arrested for driving while intoxicated without a warrant, does the burden of proof shift to the State to prove that the blood draw was taken in accordance with statutory requirements?

The State argues that the trial court improperly shifted the burden of proof on the 38.23 suppression issue.  Because it stipulated only to the fact that appellee was arrested without a warrant, the State argues that it assumed the burden of proof only as to the warrantless arrest.  Thus, according to the State, because appellee brought the motion to suppress, he retained the burden of proof to establish that the blood draw was not taken in accordance with the statutory requirements.

### Discussion

When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the ruling.[6]  If the trial court makes findings of fact, we determine whether the evidence supports those findings.[7]  We then review the trial court's legal rulings *de novo* unless the findings are dispositive.[8]

A defendant who alleges a violation of the Fourth Amendment has the burden of producing evidence that rebuts the presumption of proper police conduct.[9]  He may carry this burden by

---

[5]  *State v. Robinson,* No. 10-08-00185-CR (Tex. App.—Waco June 16, 2010).

[6]  *State v. Kelly,* 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

[7]  *Id.*

[8]  *Id.*

[9]  *Amador v. State,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

establishing that the seizure occurred without a warrant.[10]  The burden then shifts to the State to prove the reasonableness of the seizure.[11]

Likewise, a defendant who moves for suppression under Article 38.23 due to the violation of a statute has the burden of producing evidence of a statutory violation.[12]  Only when this burden is met does the State bear a burden to prove compliance.[13]  This procedure is substantially similar to that required when there is a motion to suppress under the Fourth Amendment, but it is a separate inquiry based on separate grounds.

In the case before us, the State stipulated to the warrantless arrest, thereby relieving appellee from the burden of rebutting the presumption of proper police conduct in making that arrest.  Later, Vercher's testimony showed probable cause for the arrest and also showed that appellee consented to have his blood drawn.  The trial court entered a finding that there were no grounds for suppression under the Fourth Amendment.  The trial court also entered a finding that the evidence did not prove that the blood sample was drawn by a qualified person.  This finding is inapposite, however, because even in the light most favorable to the ruling, appellee did not produce evidence of a statutory violation.  Vercher's testimony that he did not remember who drew the blood sample is not evidence of a statutory violation.  Even if the trial court disbelieved that part of Vercher's testimony stating that a nurse drew the blood, there is still no evidence that the person who drew the blood was not qualified.  Since appellee never produced evidence of a statutory violation, the State never had the

---

[10]  *Id.*

[11]  *Id.*

[12]  *Pham v. State,* 175 S.W.3d 767, 772 (Tex. Crim. App. 2005).

[13]  *Id.*

burden to prove that the blood sample was drawn by a qualified person.

The record demonstrates that the trial court erroneously placed the burden of proving statutory compliance on the State.

We reverse the judgments of the courts below and remand the case to the trial court for further proceedings consistent with this opinion.

DELIVERED: March 16, 2011
PUBLISH